J-S26045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CODY D. WUNDER | |
| Appellant | No. 1664 MDA 2014 |

Appeal from the PCRA Order September 25, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004643-2012

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                         **FILED MAY 01, 2015**

Appellant Cody Wunder appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

Appellant, along with codefendants Kyle Wunder (appellant's brother) and Stephen Harmer, broke into Douglas Herr's residence in order to steal the contents of a safe.  Appellant and Kyle Wunder knew that Herr kept large sums of cash at the residence.  Harmer drove appellant and Kyle Wunder to Herr's residence and waited nearby in a vehicle while the brothers entered the residence.  Kyle Wunder shot and killed Herr during the break-in.  Appellant and Kyle Wunder stole cash from the safe and split the cash with Harmer.

1

Subsequently, appellant and Kyle Wunder were arrested and charged with homicide[1] and related offenses. On July 12, 2013, appellant pled guilty to second degree murder, robbery,[2] conspiracy to commit robbery,[3] burglary[4] and conspiracy to commit burglary.[5] On August 15, 2013, the trial court sentenced appellant to life imprisonment without parole for second degree murder and a concurrent term of 10-20 years' imprisonment for conspiracy to commit robbery. The sentences on the remaining charges merged for purposes of sentencing.

On May 23, 2014, appellant filed a timely PCRA petition. The court appointed PCRA counsel, who filed an amended PCRA petition. On August 13, 2014, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing. On September 24, 2014, the PCRA court dismissed the petition. Through counsel, appellant filed a timely notice of appeal. Both appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

---

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 903.

[4] 18 Pa.C.S. § 3502.

[5] 18 Pa.C.S. § 903.

Whether the lower court erred in denying [appellant's] amended PCRA [petition] without holding a hearing[,] when counsel was ineffective by permitting [appellant] to plead guilty to second degree murder as part of a package plea agreement where the Commonwealth agreed not to seek the death penalty for his brother and codefendant, Kyle Wunder?

Brief for Appellant, p. 4.

Our standard and scope of review are well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183–84 (Pa.Super.2012).

When a petitioner alleges ineffective assistance of counsel,

he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner - *i.e.*, that there is

- 3 -

a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. DuPont*, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the[se] prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (2010) (citation omitted).

In his lone argument, appellant contends that trial counsel was ineffective for permitting him to enter a guilty plea involuntarily. Appellant insists that he was coerced into pleading guilty due to the Commonwealth's threat to pursue the death penalty against his brother, Kyle Wunder, if Appellant proceeded to trial.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582 (1999)). Whether a plea is voluntary

"depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003), *appeal denied*, 835 A.2d 709 (Pa.2003) (quoting *Hickman*, 799 A.2d at 141). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super.2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)).

Courts must deem a guilty plea involuntary "if the accused was innocent but pled guilty *solely* to eliminate the possibility of another's jeopardy." *Commonwealth v. DuPree*, 275 A.2d 326, 327 (Pa.1971) (emphasis added). The proper inquiry, *DuPree* held, is "whether [the] appellant primarily entered his guilty plea [to eliminate the possibility of another's jeopardy] or whether it was only one of many considerations." *Id*. at 328.

Based on our review of the record, we agree with the PCRA court that appellant's claim lacks arguable merit. During appellant's guilty plea, the court informed appellant of the nature of the charges, and appellant stated that he understood each of the charges. N.T., 7/12/13, at 8-11. The court asked the Assistant District Attorney ("ADA") to read the factual basis for the plea, and the ADA stated the factual basis. *Id.* at 11-13. Appellant stated that he understood the factual basis and that he did not disagree with these facts. *Id.* at 13-14. The court informed appellant of the maximum ranges of each of the charges. *Id.* at 14-16. Appellant stated he understood. *Id*. The court inquired into the guilty plea colloquy, asking appellant if he signed the line above his name as well as if he understood the rights contained therein. *Id.* at 16-17. Appellant stated he understood these rights and did not have any questions. *Id*. The court informed appellant of his right to a jury trial. *Id.* at 17-18. Appellant stated he understood. *Id*. The court informed appellant that he is presumed innocent, and it would be the Commonwealth's burden to prove his guilt beyond a reasonable doubt. *Id.*, p. 17. Appellant stated he understood. *Id*. The court asked appellant if anyone had promised him anything, threatened him, or coerced him in any way. *Id.*, p. 18. Appellant stated "no." *Id*.

Additionally, at sentencing on August 15, 2013, the ADA stated that appellant provided a detailed statement of all participants' involvement in the homicide, and that his cooperation and testimony was critical in the

successful prosecution of Stephen Harmer. N.T., 8/15/13, p. 6. The court asked appellant if he had anything that he wished to say. *Id.* at 8. Appellant answered "no." *Id*. Furthermore, appellant was present while his co-defendant and brother, Kyle Wunder, was sentenced. The ADA stated that Kyle had provided a detailed statement of all participants' involvement in the homicide, and that his cooperation led to appellant's statement. *Id*. at 12. The ADA noted that Kyle took full responsibility for his role and provided a sequence of events surrounding the shooting of Douglas Herr, the disposal of the shotgun, and an accounting of his proceeds from the robbery. *Id.* at 12-13. The ADA stated that in exchange for Kyle Wunder's guilty plea, the Commonwealth would not be seeking the imposition of the death penalty. *Id.* at 13.

Based on our review of the record, we conclude that appellant knowingly, voluntarily and intelligently entered into his guilty plea. He told the court that nobody forced him to plead guilty, that he understood the charges against him, and that he understood the permissible range of sentences for all charges. Moreover, as the Commonwealth noted at sentencing, appellant voluntarily provided a statement that inculpated himself as well as his brother and Harmer. The record leaves no doubt as to the validity of his guilty plea.

The record also demonstrates that appellant did not plead guilty primarily to save his brother from prosecution or from the death penalty.

While helping his brother might have factored into appellant's decision, appellant's primary motivation for pleading guilty was because of overwhelming evidence of his guilt arising from his brother's comprehensive confession and his own confession relating to the murder. No realistic alternative existed for appellant other than to plead guilty and accept the negotiated penalty. Unlike **DuPree**, this is not a case where an innocent defendant pled guilty simply to avoid subjecting a beloved relative to prosecution. Nothing in the record indicates that appellant pled guilty under circumstances that render his plea involuntary.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015