J-S27008-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER SULLIVAN | : | |
| | : | |
| Appellant | : | No. 985 WDA 2018 |

Appeal from the PCRA Order Entered June 4, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000495-2016

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OLSON, J.:                         FILED JUNE 11, 2019

Appellant, Christopher Sullivan, appeals pro se from the June 4, 2018

order dismissing his petition filed pursuant to the Post-Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual and procedural history of this case are as follows.[1]  On April

5, 2017, Appellant pled guilty to 19 charges[2] stemming from a string of

burglaries perpetrated by Appellant and two co-conspirators at various social

clubs across Pennsylvania, including American Legion clubs and Veterans of

_____

[1]  The factual history described herein is derived from both the
Commonwealth's and Appellant's statements of the case, as well as the
findings of fact of the fortieth statewide investigating grand jury.

[2]  Including: corrupt organizations, 18 Pa.C.S.A. § 911(b)(3); corrupt
organizations (conspiracy), 18 Pa.C.S.A. § 911(b)(4); dealing in proceeds of
unlawful activities, 18 Pa.C.S.A. § 5111; conspiracy to commit burglary, 18
Pa.C.S.A. § 903(a)(1); attempted burglary, 18 Pa.C.S.A. § 901(a); 13 counts
of burglary, 18 Pa.C.S.A. § 3502(a)(4); and theft by unlawful taking, 18
Pa.C.S.A. § 3921(a).

_____

*   Retired Senior Judge assigned to the Superior Court.

Foreign Wars clubs (VFWs), between September 9, 2015 and December 1, 2015. Pursuant to the plea agreement, the trial court sentenced Appellant to seven to 21 years' incarceration. This sentence was to run consecutively to a two to four year sentence Appellant received for his guilty plea to a similar crime committed in Armstrong County, which made his total aggregate sentence nine to 25 years' incarceration. The Office of the Attorney General of Pennsylvania prosecuted this case, as the burglaries took place in six different counties (seven counties total, including the Armstrong County burglary for which Appellant had already been sentenced). Appellant contends that he accepted the plea agreement in this case because it was offered as a "package deal" to him and his long-time friend and co-conspirator, Gary Nau. Specifically, he avers that in order for Mr. Nau to be able to accept the plea offer, Appellant also had to accept.

Attorney Fred D. Hummel represented Appellant throughout the plea process. Appellant did not file post-sentence motions or a direct appeal. Instead, on February 14, 2018, Appellant filed a pro se PCRA petition alleging ineffective assistance of plea counsel for inducing him to accept the "package deal" plea agreement despite his alleged actual innocence. On February 15, 2018, the PCRA court appointed Attorney George N. Daghir to represent Appellant with regard to his PCRA petition. On May 4, 2018, Attorney Daghir filed a petition to withdraw as counsel and a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On May 7, 2018, the

PCRA court granted Attorney Daghir's petition to withdraw and issued a Rule 907 order to Appellant. On May 29, 2018, Appellant filed a response to Attorney Daghir's petition to withdraw. In it, Appellant alleged that Attorney Daghir failed to adequately address or investigate his claims and was therefore ineffective. On June 4, 2018, the PCRA court dismissed Appellant's petition. This appeal followed.[3]

Appellant presents the following issues for our review:

1. Did the PCRA court err in dismissing without a hearing [Appellant's] claim that trial counsel failed to provide a full consultation regarding [Appellant's] decision to plead guilty where the advice counsel offered was unreasonable because it was legally deficient and designed to coax [Appellant] into giving up his trial rights?

2. Did PCRA counsel provide ineffective assistance by failing to do any investigation into the matters before issuing a no-merit letter and requesting to withdraw?

Appellant's Brief at 6.

_____

[3] Appellant filed a notice of appeal on July 5, 2018, 31 days after the PCRA court entered its final order. However, July 4, 2018 was a holiday, therefore the appeal is considered timely. See 1 Pa.C.S.A. § 1908. On July 11, 2018, the PCRA court issued an order instructing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant's concise statement is dated August 3, 2018, and it was entered on the docket on August 9, 2018. Although Appellant filed an untimely concise statement, we will address the merits of his claims. See Commonwealth v. Burton, 973 A.2d 428, 433 (Pa. Super. 2009) ("if there has been an untimely filing [of the concise statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.")

In his first issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition without a hearing. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." Commonwealth v. Rizvi, 166 A.3d 344, 347 (Pa. Super. 2017).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

Commonwealth v. Wah, 42 A.3d 335, 338 (Pa. Super. 2012), quoting Commonwealth v. Turetsky, 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted), appeal denied, 940 A.2d 365 (Pa. 2007); see also Pa.R.Crim.P. 907. "The controlling factor … is the status of the substantive assertions in the petition. Thus, as to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." Commonwealth v. Baumhammers, 92 A.3d 708, 726–727 (Pa. 2014) (emphasis added).

In his initial PCRA petition, Appellant alleged that Attorney Hummel provided ineffective assistance of counsel for two reasons. First, Appellant

contends that Attorney Hummel provided ineffective assistance in failing to object to the allegedly inadequate plea colloquy. Second, Appellant contends that Attorney Hummel provided ineffective assistance by encouraging him to plead guilty to the charges, which Appellant believes should have been barred by double jeopardy and 18 Pa.C.S.A. § 110 (compulsory joinder).

> To prevail on an ineffective assistance of counsel claim,
>
> the petitioner must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and [](3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. In the context of a guilty plea, an appellant must show that plea counsel's ineffectiveness induced him to plea[d guilty]. If the appellant makes such a showing, we deem his plea involuntarily made and will permit its withdrawal.

Commonwealth v. Johnson, 875 A.2d 328, 331 (Pa. Super. 2005) (citations omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Commonwealth v. Timchak, 69 A. 3d 765, 769 (Pa. Super. 2013).

First, Appellant argues that Attorney Hummel was ineffective for failing to object to what Appellant characterizes as an "inadequate plea colloquy." Appellant's Brief at 17. Appellant contends that "package deal" plea offers create a greater danger of involuntary and false guilty pleas by linking one defendant's fate to the decision of another defendant. Therefore, in Appellant's view, where a "package deal" plea agreement is the basis of a

guilty plea, a more extensive plea colloquy is necessary to determine whether the plea is voluntary.[4]  It is true that federal courts in the Third Circuit "require that (1) package plea deals be disclosed to the court and (2) colloquies with package plea participants be conducted with special care."  U.S. v. Hall, 515 F.3d 186 (3rd Cir. 2008) (citation omitted).  However, based on our review of relevant law, there is no analogous rule in Pennsylvania.  Moreover, it should be noted that, based on the record before this Court, it is unclear whether Appellant was, in fact, subjected to a "package deal" plea agreement as he alleges.  Assuming, arguendo, that the plea offer Appellant accepted was a "package deal," his argument is nonetheless without merit.

Pursuant to Rule 590 of the Pennsylvania Rules of Criminal Procedure, to ensure that a guilty plea is voluntary, before accepting the defendant's plea, a judge should elicit answers to the following questions.

(1)     Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

(2)     Is there a factual basis for the plea?

(3)     Does the defendant understand that he or she has the right to trial by jury?

(4)     Does the defendant understand that he or she is presumed innocent until found guilty?

_____

[4] Appellant's first argument is couched as an ineffective assistance of counsel claim but might be more accurately considered a challenge to the voluntariness of his plea, although he admits, "[t]here is no question that package deal plea bargains are permitted under the constitution."  Appellant's Brief at 14.

> (5)    Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P 590 cmt.

The trial court conducted an extensive plea colloquy with Appellant after Appellant's attorney and the attorney for the Commonwealth agreed that it was "a bargain for a plea agreement and not merely a [sentencing] recommendation to the [c]ourt." N.T., 4/5/2017, at 2. Appellant acknowledged that he was giving up his right to a jury trial and the presumption of innocence, he also indicated that he watched and understood a movie concerning his plea and sentencing rights. Appellant acknowledged that he understood the guideline ranges of sentences as well as the maximum possible fines and punishments. Appellant indicated that he had sufficient time to review all of the written charges with his attorney and he waived the reading of the factual bases for the pleas. Thereafter, the trial court went through what the Commonwealth would have to prove beyond a reasonable doubt with regard to each count of the information and Appellant pled guilty to each of the 19 charges individually. N.T., 4/5/2017, at 1-7. Based on the totality of the circumstances, the plea colloquy established that Appellant knowingly, voluntarily, and willingly relinquished his right to a jury trial.

Appellant cites a number of federal cases in support of his claim that his plea was involuntary, but only one Pennsylvania case, Commonwealth v.

Dupree, 275 A.2d 326 (Pa. 1971). In Dupree, the defendant was the subject of several indictments alleging his participation in two robberies. Ultimately, he pled guilty to both. At first, the defendant confessed his participation in one of the robberies but denied having taken part in the second. The defendant's wife was present at their home when the robbers divided the loot and police told the defendant that if he did not plead to both robberies, they would arrest and prosecute his wife as well. Our Supreme Court remanded the case for a hearing to determine whether the defendant's plea was voluntary or whether the threat against his wife was the primary reason for his plea.

In the instant case, Appellant contends that his friend and co-conspirator, Mr. Nau, was the primary reason he accepted the Commonwealth's "package deal" offer, and therefore it was not a voluntary plea. We cannot agree. Appellant argues that the evidence against Mr. Nau was damning and without the plea offer, Mr. Nau faced 30 to 60 years in prison, so he accepted the plea to save his friend. Appellant's Brief at 14. However, according to the findings of fact of the grand jury, the evidence against Appellant was equally as damning. Appellant left shoe prints at six of the burglaries and two men matching Appellant and Mr. Nau's descriptions were caught on surveillance cameras at nine or more of the clubs. Moreover, based on the charges and Appellant's status as a repeat felony offender, he too faced a standard range minimum sentence between 42 and 61 years if all

of his sentences ran consecutively. See 204 Pa.C.S.A. § 303.1 et. seq. At his plea and sentencing hearing, when asked by the court if he wished to make a statement, Appellant's only concern was the interplay between his Armstrong County sentence and the sentence in the instant matter. N.T., 4/5/2017, at 8. There is no support in the record that "saving" Mr. Nau was Appellant's primary consideration when he accepted this plea offer. Appellant's claim is not of arguable merit. Thus, there was no need for the PCRA court to conduct a hearing on the issue.

Next, Appellant contends that Attorney Hummel's advice to plead guilty constituted ineffective assistance of counsel because Appellant had a viable claim that this prosecution violated double jeopardy and 18 Pa.C.S.A. § 110, the compulsory joinder rule. In support of his position, Appellant cites only one case, Commonwealth v. Hude, 458 A.2d 177 (Pa. 1983). In Hude, the Commonwealth charged Hude with 11 counts (originally Hude was charged with 20 counts) of possession and delivery of marijuana, all of which arose out of a series of sales to the same individual. After a trial on three of those charges, in which the Commonwealth's evidence consisted solely of the testimony of the alleged purchaser, a jury acquitted Hude. The Commonwealth then brought Hude to trial on the remaining eight charges. Again, its evidence consisted almost entirely of testimony from the same witness. This time, the jury convicted Hude of seven out of eight charges.

The Pennsylvania Supreme Court held that the second prosecution should have been barred by 18 Pa.C.S.A. § 110(1)(ii), which states,

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109[5] of this title [] and the subsequent prosecution is for:
>
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii) (emphasis added). In Hude, our Supreme Court held that, "where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions." Commonwealth v. Hude, 458 A.2d at 183.

Appellant contends that the directive in Hude should have barred his prosecution in this case based on his prior guilty plea to the burglary in

---

[5] "There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court." 18 Pa.C.S.A. § 109(3).

Armstrong County. This contention is meritless. It is unnecessary to enumerate the reasons why the 15 different burglaries that Appellant and his co-conspirators perpetrated do not constitute a single criminal episode. The burglary to which Appellant pled guilty prior to the initiation of the instant case took place in Armstrong County, which is not in the same judicial district as the burglaries prosecuted herein. Therefore, 18 Pa.C.S.A. § 110(1)(ii) does not apply. As such, this claim lacks arguable merit, Attorney Hummel was not ineffective for failing to pursue it, and the PCRA court did not abuse its discretion by dismissing it without a hearing.

In his next issue, Appellant contends that PCRA counsel, Attorney Daghir, was ineffective for failing to investigate the claims set forth in his original pro se PCRA petition, i.e., the ineffectiveness of Attorney Hummel. Essentially, Appellant alleges Attorney Daghir was ineffective because he disagreed with him. As discussed supra, Appellant's plea was voluntary and Attorney Hummel was not ineffective for failing to argue that the instant prosecution should have been barred. Regarding "[l]ayered claims of ineffectiveness… the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." Commonwealth v. Rykard, 55 A.3d 1177, 1190 (Pa. Super. 2012) quoting Commonwealth v. Burkett, 5 A.3d 1260, 1270 (Pa. Super. 2010) (internal quotation marks

omitted).   We determined, based on the record, that Attorney Hummel was effective.   Therefore, we cannot deem Attorney Daghir ineffective for coming to the same conclusion.

Finally, Appellant argues that Attorney Daghir was ineffective for failing "to raise a potentially meritorious claim that Gary Nau's PCRA attorney has advanced for [Mr. Nau.]"  Appellant's Brief at 29.   The claim, in essence, is that there was an insufficient factual basis to support a guilty plea to corrupt organizations, corrupt organizations (conspiracy), and dealing in proceeds of unlawful activities.   However, this issue was not presented in Appellant's original petition or in his response to counsel's motion to withdraw.   Therefore, it is waived.   See Commonwealth v. Pitts, 981 A.2d 875, n. 4 (Pa. 2009). "[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."  Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014). No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/2019

- 12 -