## Commonwealth *v.* Finney, Appellant.

Submitted November 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paige Finney,* appellant, in propria persona.

*Paul R. Michel* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 15, 1969:

Appellant was charged with possession and sale of narcotics in ten bills of indictment and with possession and use of narcotics in an eleventh bill of indictment. He pleaded not guilty to all charges, but subsequently on November 29, 1956, while represented by counsel, he withdrew his not guilty pleas and pleaded guilty to all eleven bills. Sentencing was postponed until February 5, 1957, at which time he was sentenced to a total term of imprisonment of not less than five nor more than twenty-five years. Appellant filed a petition for relief under the Post Conviction Hearing Act and, after a hearing in the Court of Quarter Sessions of Philadelphia County, his petition was dismissed. The Superior Court affirmed the dismissal and we allowed an appeal.

In his petition, appellant argues that he did not have the effective representation of counsel and that his guilty pleas were unlawfully induced by a promise of leniency. The allegation of ineffective assistance of counsel was raised by appellant in a prior post-conviction petition. That petition was dismissed by the Court of Quarter Sessions and that action was affirmed by the Superior Court. *Commonwealth v. Finney,* 209 Pa. Superior Ct. 764, 230 A. 2d 926 (1967). No petition for allocatur was filed and that issue is now foreclosed and will not be considered by us. The contention that the guilty plea was unlawfully induced was not raised in the prior petition. The Commonwealth, nevertheless, does not argue that the contention was waived because the prior petition was drawn by the appellant

himself, a man untrained in the law, and it was dismissed without a hearing. We will consider that question only.

In *Commonwealth v. Johnson*, 431 Pa. 522, 246 A. 2d 345 (1968), at 528-530, a case involving an allegation of an improper guilty plea, we said: "Although appellant's testimony, if believed, would certainly entitle him to relief, the court below stated in its opinion that Johnson's story was not acceptable. Given the fact that the burden of proof is on appellant to show that his guilty plea was improper, Commonwealth v. Grays, 428 Pa. 109, 237 A. 2d 198 (1968); Commonwealth v. Hill, 427 Pa. 614, 235 A. 2d 347 (1967), relief could be denied even if the only testimony introduced at the hearing came from petitioner, and even if that testimony bespake the most grievous of errors. [footnote omitted]. Quite simply, collateral relief in a case such as this requires either that the petitioner's testimony be believed, or that it be corroborated by some other source which is accepted as truthful." Following the hearing on the current petition, the hearing judge said: "After hearing in open Court the witness Page [sic] Finney giving testimony as to the transactions in November and February, 1956 and 1957, and after hearing the testimony of Mr. Neff, of the Philadelphia bar, [defense counsel] the Court concludes that the allegations of the defendant that he was promised a sentence of 2 to 5 years for the guilty plea are unfounded. And, that after reading the notes of testimony and the transactions before Judge SPORKIN, [the sentencing Judge] the entire record, the atmosphere elicited from that record in terms of statements made by the witnesses for the Commonwealth, which was direct evidence of officers who purchased narcotics from this defendant in 1956, from that record it would appear that the defendant had full understanding of

the transactions that transpired before the court." We have reviewed the record in the light of the standard quoted from *Johnson* and, despite the statement of the hearing Court in the instant case, we reverse.

Appellant testified at his hearing below that his guilty plea was induced by a promise made to him by his trial counsel that such a plea would result in a sentence of two to five years. While the record is insufficient to support any such *promise,* there is more than ample support for the conclusion that appellant received a clear indication of such a sentence resulting from a plea, even though that indication could not be characterized as a categorical promise.

The trial record shows no inquiry by the court as to the voluntariness of the guilty plea. As we have often said, that failure will not alone vitiate a plea, particularly in cases where pleas were taken before "judges and lawyers were made aware of the importance of the on-the-record colloquy." See n.4, *Commonwealth v. Johnson,* supra, pp. 529-530; *Commonwealth v. Walker,* 433 Pa. 124, 249 A. 2d 283 (1969); *Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969). The record does, however, show the following colloquy subsequent to the plea: "THE COURT: . . . How much time do you think I ought to impose upon this man by way of punishment? He has to be kept out of circulation for sometime. MR. SMITH: [Assistant District Attorney] Are you asking me? THE COURT: Yes. MR. SMITH: I agree with you that this covered a short period of time. There is no history of his having been engaged in this activity before. Of course he must go to jail, and I think he ought to go to the State Pardon Board before he is released. I don't think, however, he should be given such a sentence that would give this man no hope. I think something in the nature of two and a half to five years on

one bill with probationary periods perhaps on the other bills would suffice to teach this man that what he engaged in is wrong and if he ever does it again when he gets out the book will be thrown at him." This testimony lends some credence to the possibility of a discussion of a two and one-half to five year sentence prior to the entry of the plea.

At the post-conviction hearing, Mr. Neff testified that while he had no independent recollection of what transpired between him and appellant, he could not have made any guarantees or promises. It is not surprising that ten years or more after the event Mr. Neff would have no independent recollection of the occurrences. However, we are fortunate enough to have before us the record of an occurrence one day subsequent to the sentencing of the appellant. As indicated above, appellant was sentenced on February 5, 1957. One day later, on February 6, 1957, defense counsel appeared before the sentencing judge and the following colloquy took place: "MR. SHRAGER [Assistant District Attorney]: Your Honor sentenced this man to five years to 25 years. THE COURT: Don't you think that was a fair sentence? MR. SHRAGER: I do. THE COURT: Do you think that is a fair sentence? LIEUTENANT DRISCOLL: Yes, sir. THE COURT: You said that I had told you that I would give him less than that. If you made any arrangement with the District Attorney I don't know anything about it. MR. NEFF: [Defense Counsel]: I wouldn't mislead the Court. THE COURT: Where is the District Attorney who made that statement to you? MR. NEFF: Mr. Smith was present and you were there, sir. It was November 29 in Room 653. You suggested that you would sentence the defendant to five to ten years and I asked you to make it 2 and a half to five years. THE COURT: Do we have a record of that? MR. NEFF: There is no record of it, sir, *but that is the state-*

*ment I communicated to the defendant.* THE COURT: I will say this to you: If this defendant is tried by a jury and convicted of all of these bills he is going to do 27 and a half to 55 years. You better tell him that. MR. NEFF: *The only thing is when I represented*—THE COURT: If I grant a new trial I want a trial before a jury. This man sold drugs on 11 occasions. Fortunately in this case he sold the drugs to police officers. How many other people he sold drugs to whose lives he helped to ruin we don't know. MR. NEFF: I would like to call your attention that there was a defendant Rose Bradford who had a prior averment and did not cooperate with the police and she was only given 11 months to 23 months. THE COURT: There might have been other things in the case. MR. NEFF: This defendant did not attempt to take the Court's time. THE COURT: If you wish me to grant you a new trial I will do so. I will want the case tried before a jury and if this man is convicted he will be given the maximum of two and a half to five years on each bill. You can advise him of that." (Emphasis supplied). We conclude that defense counsel's recollection of the event was certainly much clearer one day after sentencing than ten years later.

In the colloquy which occurred on February 6, 1957, Mr. Neff stated positively that he communicated to the defendant the likelihood of a two and one-half to five year sentence. He further stated that such a communication resulted from a conversation among him, the Assistant District Attorney and the trial Judge. Such statements taken one day after sentence, together with the sentence recommendation of the Assistant District Attorney, offered immediately after the plea, provides powerful corroboration from a source which we consider truthful. A close study of the entire record leads us to the conclusion that it is more reason-

able than not that appellant's plea was induced by, if not a promise, at least a strong indication of leniency.

In addition, the above quoted statements by the sentencing Judge relative to what would result if a new trial were granted might very well have influenced appellant's trial counsel to leave well enough alone. A plea and sentence should not be permitted to stand where a court indulges in coercive tactics to encourage a defendant or his counsel to abide by the plea and sentence even where they believe they have good grounds for complaint. The overall circumstances involved raise sufficient doubt of the validity of appellant's guilty plea as to convince us that fundamental fairness requires a new trial.

The order of the Superior Court is reversed, the order of the Court of Quarter Sessions of Philadelphia County is vacated, judgment of sentence is reversed, and a new trial granted.

Mr. Justice COHEN concurs in the result.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.