## Commonwealth *v.* Burton, Appellant.

Submitted December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Mervyn R. Turk,* Assistant Public Defender, for appellant.

*Ralph B. D'Iorio* and *Anna Iwachiw Vadino,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

146

Opinion Per Curiam, March 20, 1969:
Order affirmed.

---

Dissenting Opinion by Hoffman, J.:

This case involves an attack on a guilty plea.

The facts are not in dispute and have been aptly summarized by the lower court. Appellant had been charged with armed holdup. He was tried before a jury and faced a maximum penalty of ten to twenty years imprisonment if convicted. The Commonwealth presented its evidence, and the court recessed for lunch. "After lunch, Joseph F. Mulcahy, Esq., representing the defendant, talked to (the trial judge), who said 'well, fellows, it looks to me like this jury will find your boy guilty, if you want to go ahead with the trial, fine, but if they enter a plea at this time I will give them lighter sentences but if they would like to go through with the trial, make it an entire trial and if he is convicted he will get more of a sentence.' " This statement induced appellant to change his plea to Guilty whereupon he was sentenced to serve from two and one half to five years imprisonment.

In *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699 (1968), plea bargaining between defendant and the Commonwealth was generally upheld. The Supreme Court, however, clearly proscribed participation by the trial judge in the plea bargaining process. " 'Our concept of due process must draw a distinct line between, on the one hand, advice from and "bargaining" between defense and prosecuting attorneys and, on the other hand, discussions by judges who are ultimately to determine the length of sentence to be imposed.' " (Citations omitted).[1]

---

[1] Similarly, the American Bar Association Project on Minimum Standards for Criminal Justice has stated in (Tentative Draft) Standards Relating to Pleas of Guilty, §3.3, "The trial judge should not participate in plea discussions. . . . There are a number of

*Commonwealth v. Finney,* 433 Pa. 152, 249 A. 2d 286 (1969), applied this standard to a fact situation comparable to that present here. In *Finney,* the Court invalidated a guilty plea which was induced by the trial court's carrot and stick promise of leniency if appellant pled guilty and threat of a severe penalty if appellant went to trial. "It is more reasonable than not that appellant's plea was induced by, if not a promise, at least a strong indication of leniency.

"In addition, the . . . statements by the sentencing Judge relative to what would result if a new trial were granted might very well have influenced appellant's trial counsel to leave well enough alone. A plea and sentence should not be permitted to stand where a court indulges in coercive tactics to encourage a defendant or his counsel to abide by the plea and sentence even where they believe they have good grounds for complaint." *Finney* at 158-59.

The actions of the trial judge who also passed sentence in the instant case, violated this mandate and improperly induced a guilty plea which had the effect of denying appellant his right to trial by jury.

I would vacate the judgment of sentence below and order a new trial.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.

---

valid reasons for keeping the trial judge out of the plea discussions, including the following: (1) judicial participation in the discussions can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge; (2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report; and (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent."