J-S48011-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| DWAYNE ARMAND WEIR, | : | |
| | : | |
| Appellant | : | No. 417 MDA 2014 |

Appeal from the Judgment of Sentence December 20, 2013,
Court of Common Pleas, Lancaster County,
Criminal Division at No(s): CP-36-CR-0003244-2012,
CP-36-CR-0003251-2012, CP-36-CR-0003253-2012
CP-36-CR-0003327-2012, CP-36-CR-0004003-2013
CP-36-CR-0004868-2011 and CP-36-CR-0004872-2011

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED AUGUST 01, 2014**

Dwayne Armand Weir ("Weir") appeals from the December 20, 2013 judgment of sentence entered by the Lancaster County Court of Common Pleas.  We affirm.

On July 11, 2013, a jury found Weir guilty of burglary, criminal mischief, and theft by unlawful taking for a home invasion that occurred in July of 2010.[1]  On August 28, 2013, Weir pled *nolo contendre* to nine counts of burglary; one count of flight to avoid apprehension; eleven counts of theft by unlawful taking; three counts of receiving stolen property; one count of

---

[1]  18 Pa.C.S.A. §§ 3502(a), 3304(a)(5), 3921(a).  A full recitation of the facts underlying all of the charges levied against Weir is contained in the trial court's opinion.  Based upon the issues raised on appeal, we find it unnecessary to reproduce them in their entirety herein.

*Retired Senior Judge assigned to the Superior Court.

fleeing and eluding; one count of agricultural vandalism; four counts of criminal conspiracy; two counts of criminal mischief; two violations of the Uniform Firearms Act; one count of trespass by motor vehicle; one count of driving while operating privileges are suspended or revoked; and one count of reckless driving.[2] The charges stemmed from his role in seven home invasions that occurred between April and August of 2011, and his subsequent attempt to avoid apprehension by the police. At the sentencing hearing on December 20, 2013, Weir also pled guilty to attempted escape and possession of implements of escape based on his possession of a 17-foot ladder on his person and a 36-foot rope in his jail cell, both made of bed sheets, while incarcerated and awaiting sentencing on the other charges.[3]

The trial court sentenced Weir to an aggregate term of 20 to 54 years of incarceration. Weir filed a timely post-sentence motion seeking modification of his sentence and to withdraw his plea. The trial court denied the motion on February 18, 2014.

Weir filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raises two issues for our review:

---

[2] 18 Pa.C.S.A. §§ 3502(a), 5126(a), 3304(a)(1), 3921(a), 903(a)(1), 3925(a), 5121(a), 6105(a)(1); 75 Pa.C.S.A. § 3717(a), 1543(a), 3736(a).

[3] 18 Pa.C.S.A. §§ 901(a), 5122(a)(2).

A. Whether the trial court participated in the plea-bargaining process such as to render involuntary the resulting *nolo contendere* plea?

B. Whether the trial court promised leniency to [Weir] in consideration of his *nolo contendere* plea, which promise was violated by imposition of an extremely harsh prison sentence of 20-54 years?

Weir's Brief at 4.

As his first issue on appeal, Weir challenges the validity of his plea because, according to Weir, the trial court "involve[d] itself in the plea-bargaining process" by making "a promise of leniency to induce the plea," and then failed to follow through on its promise. *Id.* at 9. The trial court denies that there is any basis by which to permit Weir to withdraw his plea. Trial Court Opinion, 3/28/14, at 22.

For a plea to be considered valid, it must be entered knowingly, voluntarily and intelligently. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). "There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." *Id.* (citation omitted). To be entitled to withdraw a plea after sentencing occurred, the defendant "must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "A plea rises to the level of manifest

- 3 -

injustice when it was entered into involuntarily, unknowingly, or unintelligently." **Pollard**, 832 A.2d at 522.

The law forbids judges from participating in the plea bargaining process. **Commonwealth v. Evans**, 252 A.2d 689, 691 (Pa. 1969). "A judge who makes a promise as to what his judgment will be in advance of hearing a case is guilty of judicial misconduct, and allegations of such misconduct should be clearly proved to warrant the fastening of discredit upon any judicial officer." **Commonwealth v. Lynch**, 231 A.2d 880, 882 (Pa. Super. 1967).

The record reflects that on August 28, 2013, the proceeding began with the trial court denying Weir's motion to sever the charges relating to the seven home invasions. N.T., 8/28/13, at 5. Prior to beginning jury selection, the trial court inquired about the status of any plea discussions, and the Commonwealth indicated that it agreed to withdraw 12 violations of the Uniform Firearms Act – person not to possess firearms – if Weir pled guilty. **Id.** at 5-6. The trial court then informed Weir of the options he had before him: a jury trial, a bench trial, a negotiated guilty plea or plea of *nolo contendere* (if the Commonwealth would agree to a sentence), or an open guilty plea or plea of *nolo contendere*. **Id.** at 8-12. The court explained that unless he had a negotiated guilty plea, it was within its discretion as to the length of Weir's sentence. **Id.** at 9-11. The trial court informed Weir that if he entered a plea of guilty or *nolo contendere*, the

- 4 -

court, when meting out his sentence, would "take into consideration, as does every judge," that he took responsibility. *Id.* at 11. Weir then accepted the trial court's offer to permit Weir to discuss his options with his attorney. *Id.* at 12-13.

After consulting with counsel, Weir stated his intention to enter a plea of *nolo contendere* to the charges before the court. *Id.* at 14. The court commended him for taking responsibility. *Id.* at 15. As there was a pool of jurors present for selection, it also warned Weir against using his plea to delay matters. The court stated that if Weir sought to withdraw his plea prior to sentencing and the trial court found that he was "less than candid" or "playing games," it would take that into consideration when sentencing him. *Id.* at 15. The court further stated that Weir might not be able to withdraw his plea if the Commonwealth could prove that it would be prejudiced, as some of their witnesses did not live locally. *Id.* at 15-16.

The trial court gave the Commonwealth time to prepare the paperwork necessary to effectuate Weir's *nolo contendere* plea. *Id.* at 17. When the proceeding reconvened, the court engaged in a lengthy colloquy, covering all required areas,[4] to ensure Weir's plea was knowing, voluntary and

---

[4] Pennsylvania Rule of Criminal Procedure 590 requires that a plea be given on the record in open court for the court to determine whether it is knowingly, voluntarily and intelligently entered. Pa.R.Crim.P. 590(a). The comment to Rule 590 indicates that the court must at least make the following inquiries:
[FOOTNOTE CONT'D]

intelligent. *Id.* at 25-71. In the midst of the colloquy, the trial court informed Weir that he was "free to reject or to stop things and say, [`]you know what, I don't want to do this, I want to have a jury trial.['] […] You understand that if you do do that, you will not be prejudiced. In other words, it will not be held against you that we have gotten this far into the guilty [*sic*] plea." *Id.* at 47. At the conclusion of the colloquy, counsel for Weir made the following statement on his behalf:

> I believe that my client is making a knowing, intelligent, and voluntary decision to plead no contest to these charges because, given the totality

---

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> (7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, Comment.

> of the evidence, as well as the fact that I believe the Commonwealth would be able to show that my client told the co-defendants that he would take responsibility for the things and to testify against him or to put it on him, and also that he then, when he met with the police, attempted to take the responsibility onto himself, all of which led to a very complicated bit of evidence and admissions to the police.
>
> So that with what we have reviewed and believe they could prove, as well as what the jury would simply take away from that, as well as the fact that if my client testified he would be impeached with parts of his criminal history, we've considered all of that. We've considered various strategies. I believe he's making a knowing, intelligent, and voluntary decision to plead *nolo* to these Informations.

***Id.*** at 72-73.

Based upon the record before us, we find no support for Weir's claim that the trial court participated in the plea bargaining process or that it made promises of leniency with respect to Weir's sentence. Its statement that it would take into account his acceptance of responsibility at sentencing does not amount to a promise that he would receive a lighter sentence. Rather, a defendant's acceptance of responsibility is simply a mitigating factor that trial courts routinely takes into account when sentencing a defendant who pled guilty or *nolo contendere*. **See, e.g., Commonwealth v. Bowen**, 55 A.3d 1254, 1264-65 (Pa. Super. 2012) (trial court considered mitigating circumstances when sentencing the defendant including, *inter alia*, the defendant's acceptance of responsibility), *appeal denied*, 64 A.3d 630 (Pa.

2013); ***Commonwealth v. Curran***, 932 A.2d 103, 105, 107 (Pa. Super. 2007) (sentence outside of the guidelines was appropriate despite the fact that the defendant "fully cooperated throughout the proceedings, acknowledged her involvement in the offense, [and] accepted responsibility for her role in the incident"); ***cf. Commonwealth v. Miller***, 965 A.2d 276, 280 (Pa. Super. 2009) (consideration of the defendant's unwillingness to accept responsibility for his actions when sentencing the defendant). Indeed, in ***Commonwealth v. Burton***, 251 A.2d 731 (Pa. Super. 1969) (*en banc*) (*per curiam*), this Court upheld a guilty plea where the trial court told the defendant that he would receive a lighter sentence if he pled guilty. ***Id.*** at 731-32.

A defendant's disappointment in the sentence he received does not constitute "manifest injustice" necessitating the grant of his motion to withdraw his plea. ***Pollard***, 832 A.2d at 522. There is nothing in the record that suggests Weir's plea was entered unknowingly, involuntarily or unintelligently. We therefore conclude that the trial court did not abuse its discretion by denying Weir's motion to withdraw his plea of *nolo contendere*.

As his second issue on appeal, Weir asserts that the trial court failed to fulfill its "promise" of leniency when fashioning Weir's sentence. Weir's Brief at 11-12. As we have found that the trial court made no such promise, this issue is likewise without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014