J-S37031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CARLOS R. GARCIA, | : | |
| | : | |
| Appellant | : | No. 1552 MDA 2016 |

Appeal from the PCRA Order entered on August 23, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s): CP-36-CR-0001382-2014

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 27, 2017**

Carlos R. Garcia ("Garcia") appeals from the Order denying his first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court set forth the relevant underlying facts as follows:

On February 22, 2014, Garcia was driving at high rate of speed
(over sixty-five miles per hour in a thirty-five mile per hour
zone) near the 1300 block of East King Street in Lancaster
Township.  Garcia was driving erratically, weaving in and out of
traffic without signaling and cutting off vehicles as he passed
them.  When the gray Honda in front of Garcia slowed for a
vehicle that was turning left from the left lane of traffic, Garcia
suddenly swerved into the oncoming lane of traffic to avoid the
Honda and hit a Subaru driven by Lisa Stamper ("Stamper").
The crash resulted in the death of Stamper's daughter, Kaitlyn
Berry, serious bodily injury to Stamper, and serious bodily injury
to Garcia's seven-year-old son, who was the front seat
passenger of Garcia's vehicle.  Blood testing revealed that
Garcia's blood alcohol content was .144[%] at the time of the
crash.

Consequently, Garcia was charged with several violations of the
Motor Vehicle and Crimes Codes, including one count each

(unless otherwise specified) of the following: homicide by vehicle while driving under the influence [], aggravated assault by vehicle while driving under the influence [], three counts of accidents involving death or personal injury while not properly licensed, endangering the welfare of a child, three counts of recklessly endangering another person [], DUI—general impairment, DUI—high rate of alcohol, reckless driving, driving while operating privilege suspended or revoked—DUI related, driving at an unsafe speed, failing to drive within a single lane, and failure to yield the right of way.

On July 15, 2014, Garcia entered an open guilty plea to all of the above-referenced crimes.

*Commonwealth v. Garcia*, 131 A.3d 106 (Pa. Super. 2015) (unpublished memorandum at 1-3) (citations and footnotes omitted).

The trial court imposed an aggregate prison sentence of nineteen years and ninety days to thirty-eight years. This Court affirmed the judgment of sentence. *See id.*

On November 30, 2015, Garcia filed a *pro se* PCRA Petition. The PCRA court appointed Garcia counsel, who filed an amended PCRA Petition. Following an evidentiary hearing, the PCRA court denied Garcia's Petition. Garcia filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Garcia raises the following questions for our review:

A. Whether the PCRA court's determination was supported in the record and free from legal error in that the guilty plea was not knowing, intelligent and voluntary because of a defective guilty plea colloquy wherein [Garcia] was not apprised that the sentences could be run consecutively[,] and he was not apprised of the maximum aggregate sentence that could be imposed when defense counsel did not object to [the]

- 2 -

defective guilty plea colloquy or seek to withdraw [the] guilty plea before or after sentencing[?]

B. Whether the PCRA court's determination was supported in the record and free from legal error in that defense counsel unlawfully induced [Garcia] to plead guilty by his misrepresentations as to the sentence [Garcia] would receive or probably receive[?]

Brief for Appellant at 4 (some capitalization omitted).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error." *Commonwealth v. Volk*, 138 A.3d 659, 661 (Pa. Super. 2016). Further, "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009).

In his first claim, Garcia contends that his plea counsel was ineffective. Brief for Appellant at 22. Garcia argues that counsel failed to file a motion challenging the validity of the plea. *Id.* Garcia further argues that his plea was not voluntarily or knowingly entered, as he was unaware of the maximum cumulative sentence that could be imposed. *Id.* at 22, 26. Garcia specifically asserts that he was not informed that the sentences could be run consecutively. *Id.* at 22, 25-26; *see also id.* at 25 (arguing that while Garcia was informed of the statutory maximum sentence for each conviction, he was not informed of the aggregate maximum sentence). Garcia claims that his plea counsel had no reasonable basis for failing to

object to the absence of this information at the colloquy, and that he was prejudiced by counsel's failure. ***Id.*** at 26-27. Garcia thus seeks to withdraw his guilty plea. ***Id.*** at 27.

The PCRA court set forth the relevant law, addressed Garcia's ineffectiveness claim and determined that it is without merit. ***See*** PCRA Court Opinion, 8/23/16, at 3-11; ***see also*** Written Guilty Plea Colloquy, 7/15/14, at 4 (wherein Garcia acknowledged that the sentences could be imposed consecutively to one another); ***id.*** at 3 (wherein Garcia stated that he understood that the trial court could impose a maximum sentence of 53 years in prison, if the court sentenced him to the maximum sentence for each crime and imposed the sentences consecutively). We adopt the sound reasoning of the PCRA court for the purpose of this appeal, and affirm on this basis. ***See*** PCRA Court Opinion, 8/23/16, at 3-11; ***see also Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy, and may not later assert grounds for withdrawing the plea which contradict those statements); ***Commonwealth v. Shekerko***, 639 A.2d 810, 815 (Pa. Super. 1994) (concluding that because appellant's plea was knowingly entered, plea counsel was not ineffective).

In his second claim, Garcia contends that he involuntarily entered the guilty plea based upon plea counsel's misrepresentations regarding the

length of sentences he could receive. Brief for Appellant at 27, 34. Garcia argues that his plea counsel indicated that the best-case scenario at sentencing would be five to ten years in prison, and the worst-case scenario would be ten to twenty years in prison. *Id.* at 31-32, 33. Garcia further asserts that plea counsel indicated that the trial court would be lenient if he pled guilty and showed remorse. *Id.* at 32-33. Garcia thus claims that plea counsel was ineffective, and that he should be permitted to withdraw the plea. *Id.* at 33-34.

The PCRA court set forth the relevant law, addressed Garcia's ineffectiveness claim and determined that it is without merit. ***See*** PCRA Court Opinion, 8/23/16, at 11-14; ***see also*** Written Guilty Plea Colloquy, 7/15/14, at 4 (wherein Garcia acknowledged that the judge would determine his sentence). Thus, we adopt the sound reasoning of the PCRA court for the purpose of this appeal, and conclude that plea counsel was not ineffective and did not induce an involuntary guilty plea. ***See*** PCRA Court Opinion, 8/23/16, at 11-14; ***see also Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002) (stating that "disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :
                 :
         vs.                :   No.  CP-36-CR-0001382-2014
                 :
                 :
CARLOS R. GARCIA                  :

**OPINION AND ORDER**

BY: SPAHN, JR., J.

By Criminal Information docketed to Number 1382 of 2014, Defendant was charged with

allegedly having committed the offenses of Homicide by Vehicle while Driving Under the

Influence [1]; Aggravated Assault by Vehicle while Driving Under the Influence [2]; Accidents

Involving Death or Personal Injury while Not Properly Licensed (three counts) [3]; Endangering

the Welfare of Children [4]; Recklessly Endangering Another Person (three counts) [5]; Driving

Under the Influence (two counts) [6]; and numerous summary motor vehicle offenses. Said

charges stem from a criminal incident occurring on February 22, 2014, where Defendant, while

under the influence of alcohol, drove directly into the path of an oncoming vehicle resulting in an

accident which caused the death of an occupant of the other vehicle and caused serious bodily

injury to a separate occupant of the other vehicle; as well as, injury to the defendant's child,

whom was a passenger in Defendant's vehicle.

---

[1] 75 P.S. § 3735(a)
[2] 75 P.S. § 3735.1(a)
[3] 75 P.S. § 3742.1(a)
[4] 18 P.S. § 4304(a)(1)
[5] 18 P.S. § 2705
[6] 75 P.S. § 3802(a)(1) and §3802(b)

LANCASTER COUNTY, PA   2016 AUG 23   PM 4: 55   CLERK OF COURTS

On July 15, 2014, Defendant appeared before the Honorable Joseph C. Madenspacher and entered a guilty plea to all offenses. Following the preparation of a pre-sentence investigation, on September 22, 2014, Defendant appeared before Judge Madenspacher for sentencing in the instant matter. At such time, Defendant was sentenced to an aggregate sentence of incarceration of not less than nineteen years, ninety days nor more than thirty-eight years in the state correctional institution. (N.T., Sentencing Hearing, September 22, 2014 at p. 19).

On October 1, 2014, Defendant filed a Motion to Modify Sentence alleging that Defendant's sentence was excessive and disproportionate in nature. On November 17, 2014, said motion was denied by the trial court. On December 11, 2014, Defendant filed a timely Notice of Appeal to the Superior Court of Pennsylvania. By Opinion and Order dated October 8, 2015, the Superior Court affirmed the judgment of sentence.

On November 30, 2015, Defendant filed a timely pro se Motion for Post Conviction Collateral Relief alleging that his trial counsel was ineffective for misinforming him concerning his maximum sentence. On December 2, 2015 President Judge Dennis E. Reinaker re-assigned the current matter to this member of trial court for all further proceedings. By Order dated December 4, 2015, the trial court appointed Randall L. Miller, Esquire, to represent Defendant relative to his instant request for post conviction relief. On January 5, 2016, counsel filed an amended post conviction petition on Defendant's behalf. On February 3, 2016, the attorney for the Commonwealth filed an answer to said amended petition. An evidentiary hearing was held on March 10, 2016. At the conclusion of said hearing, the trial court directed the parties to submit briefs on the relevant issues. Following submission of the briefs of the parties, this matter is ripe for resolution.

2

## DISCUSSION

In the instant action, Defendant alleges that his pleas were not knowingly, voluntarily, and intelligently tendered in light of trial counsel's purported ineffectiveness for failing to inform Defendant that he could receive consecutive sentences; for not objecting to the trial court's failure to inform Defendant that he could receive consecutive sentences; for failing to seek withdrawal of Defendant's pleas; and, for advising Defendant that the trial court would be lenient and would sentence defendant to a sentence not greater than six to twelve years incarceration.

To be eligible for relief under the Post Conviction Relief Act, a defendant must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. §9543(a)(2)(ii).

Our Supreme Court has repeatedly held that in order to prevail on a claim alleging ineffective assistance of counsel, a defendant must demonstrate the following by a preponderance of the evidence: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the act or omission of counsel, there is a reasonable probability that the outcome of the proceeding would have been different. Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999); Commonwealth v. Rainey, 656 A.2d 1326, 1330 (Pa. 1995); Commonwealth v. Douglas, 645 A.2d 266 (Pa. 1994); Commonwealth v. Persinger, 615 A.2d 1305 (Pa. 1992).

3

Generally speaking, it is important to note that defense counsel is accorded broad discretion to determine tactics and strategy. Commonwealth v. Fowler, 670 A.2d 153, 155 (Pa. 1996). A reasonable tactical basis, even one not remembered by trial counsel whose effectiveness is challenged, may be inferred from the record. Commonwealth v. Jones, 636 A.2d 1184 (Pa. Super. 1994). Furthermore, the applicable test is not whether alternative strategies were more reasonable, employing a "hindsight" evaluation of the record, but whether counsel's decision had any reasonable basis to advance the interests of the defendant. Commonwealth v. Carroll, 513 A.2d 1069, 1072 (Pa. Super. 1986).

If the defendant fails to establish a resulting prejudice, his claim will fail regardless of the first two requirements of the ineffective assistance standard. Commonwealth v. Neal, 713 A.2d 657 (Pa. Super. 1998). Further, it is the defendant's burden to establish that defense counsel did not act in the defendant's best interests. Commonwealth v. Cook, 676 A.2d 639, 647 (Pa. 1996). Finally, defense counsel is presumed to be competent. Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987). The burden lies with the petitioner to prove that the trial counsel was ineffective. Commonwealth v. Zook, 887 A.2d 1218 (Pa. 2005).

A defendant has the right to effective assistance of counsel during a plea process as well as during a trial. Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002). Allegations of ineffective assistance of counsel in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases". To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not

4

have pleaded guilty and would have gone to trial. Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002).

The Pennsylvania Supreme Court has stated that when a guilty plea has been entered,

> All grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. Thus allegation of ineffective assistance of counsel in connection with entry of guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Commonwealth v. Williams, 437 A.2d 1144, 1146 (Pa. 1981) (internal citations omitted).

Pursuant to Rule 720(A)(1) of the Pennsylvania Rules of Criminal Procedure, when challenging the validity of a guilty plea, a motion to withdraw must be filed within ten days after the imposition of the sentence. The standard for a post sentence withdrawal of a guilty plea requires a determination of "manifest injustice." Commonwealth v. McCauley, 797 A.2d 920 (Pa. Super. 2001). Manifest injustice occurs where a plea is entered involuntarily or without knowledge of the charge. Commonwealth v. Leigid, 850 A.2d 743, 745 (Pa. Super. 2004); Commonwealth v. Muller, 482 A.2d 1307 (Pa. Super. 1984). Disappointment in the sentence received is not "manifest injustice" in which a guilty plea may be withdrawn. Commonwealth v. Muhammad, 794 A.2d 378 (Pa. Super. 2002).

A guilty plea may be challenged on three grounds: (1) the legality of the sentence; (2) the jurisdiction of the court; and (3) the voluntary, knowing and intelligent nature of the guilty plea itself. Commonwealth v. Zorn, 580 A.2d 8, 9 (Pa. Super. 1990); Commonwealth v. Alston, 564 A.2d 235 (Pa. Super. 1989). In determining the validity of a plea, the totality of the circumstances must be considered. Commonwealth v. Allen, 732 A.2d 582, 588-89 (Pa. 1999); Commonwealth vs. Yager, 685 A.2d 1000 (Pa. Super. 1996). Succinctly, the issue is whether the defendant understood what he was doing when he entered the guilty plea. Commonwealth v.

5

Blackwell, 647 A.2d 915 (Pa. Super. 1994). In making that determination, the reviewing court will look to the guilty plea colloquy to determine whether the plea was knowing and voluntary. Blackwell, 647 A.2d at 922. A defendant has a duty to answer questions posed by the court truthfully during a guilty plea hearing. Commonwealth v. Lewis, 634 A.2d 633 (Pa. Super. 1993); see also, Commonwealth v. McCauley, 797 A.2d 920 (Pa. Super. 2001) (a criminal defendant is bound by the statements he makes during his plea colloquy and may not assert grounds for withdrawing the plea that contradict the statements when he pled). Finally, a defendant need not be pleased with the outcome of his decision to plead guilty in order for his guilty pleas to be knowing, intelligent and voluntary. Commonwealth v. Yager, 685 A.2d 1000, 1004 (Pa. Super. 1996); Commonwealth v. Martin, 611 A.2d 731 (Pa. Super. 1992).

Furthermore, to prevail on an ineffectiveness claim arising from a guilty plea, a defendant must demonstrate counsel's ineffectiveness must have caused an involuntary or unknowing guilty plea. Commonwealth v. Barbosa, 819 A.2d 81 (Pa. Super. 2003). Once a defendant has entered a guilty plea, it is presumed he was aware of his actions and, thus, the burden of demonstrating involuntariness is upon him. McCauley, 797 A.2d at 922. A guilty plea is an acknowledgement by a defendant that not only did he participate in the charged offenses, but also confirmation of the existence of facts and intent. Zorn, 580 A.2d at 9; Commonwealth v. Ryan, 568 A.2d 179, 181 (Pa. 1990).

To ensure a knowing, intelligent and voluntary guilty plea, the defendant must be aware and understand, at a minimum: (1) the nature of the charges; (2) the factual basis for the plea; (3) that he has a right to a jury trial; (4) that he is presumed innocent until proven guilty; (5) the permissible range of sentences and/or fines for the offenses; and (6) that the judge is not bound by terms of a plea agreement, if there is a negotiated agreement Commonwealth v. Jefferson,

6

777 A.2d 1104, 1107 (Pa. Super. 2001); Commonwealth v. Harris, 589 A.2d 264, 265 (Pa. Super. 1991); Pa.R.Crim.P. 590. It is also required that the defendant understand he maximum sentence that can be applied to him under the law. Commonwealth v. Hodges, 789 A.2d 764, 765 (Pa. Super. 2002).

Furthermore, in determining whether a defendant entered into a plea of guilty knowingly, voluntarily and intelligently, a PCRA court "is free to consider the totality of the circumstances surrounding the plea, including the oral and written plea colloquy and 'off-the-record' communications between the defendant and counsel." Commonwealth v. Allen, 732 A.2d 582, 588-589 (Pa. 1999). A defendant cannot challenge the colloquy by asserting that he lied previously while under oath. Commonwealth vs. Cappelli, 489 A.2d 813 (Pa. Super. 1985); Commonwealth v. Myers, 642 A.2d 1103 (Pa. Super. 1994). Where a defendant does not assert during a guilty plea colloquy that he does not understand the nature of the crimes, it may be presumed, for purposes of determining effectiveness of counsel, that counsel explained the nature of the offenses in sufficient detail so as to give the defendant notice of that which he admits by entering a plea of guilty. Commonwealth v. Schrieber, 466 A.2d 203 (Pa. Super. 1983).

In his initial prayer for relief, Defendant asserts several purported errors in a consolidated fashion. In essence, Defendant hereby asserts that his guilty pleas in the instant matter were not knowingly, voluntarily, and intelligently tendered inasmuch as he alleges that he was not apprised by either the trial court or his counsel as to the maximum aggregate sentence that could be imposed on all charged counts or that said sentences could be imposed in a consecutive fashion. He further argues that trial counsel was ineffective in failing to file a motion to challenge the validity of Defendant's guilty pleas or to withdraw such pleas.

7

In support of said claims, Defendant seeks reliance on the testimony that he offered at the evidentiary hearing held before the trial court on this matter on March 10, 2016. At said hearing, Defendant testified that trial counsel had failed to explain the concept of consecutive sentences to him prior to the entry of his guilty pleas. (N.T., Evidentiary Hearing, March 10, 2016, p. 85) As such, Defendant claims to have lacked an understanding that the sentences could be imposed in such fashion. Further, Defendant, during his testimony, disputed certain responses which were contained on the written guilty plea colloquy submitted to the trial court by Defendant and his trial counsel. Specifically, Defendant denied recalling Question Number 46 on the written guilty plea colloquy, which deals with the possibility of the imposition of consecutive sentences, in the affirmative, although said written colloquy clearly demonstrates an affirmative answer to this inquiry. (N.T., Evidentiary Hearing, March 10, 2016, pp. 89-90) Similarly, Defendant testified that trial counsel failed to advise him as to the maximum possible penalties for each charged offense or the total maximum penalties which could be imposed for all offenses. (N.T., Evidentiary Hearing, March 10, 2016, p. 88) In this regard, Defendant, again, denied providing affirmative responses to Questions Number 34 and 35 of the written guilty plea colloquy, which deal with the maximum possible penalties for each charged offense and the maximum possible penalties for all charged offenses. (N.T., Evidentiary Hearing, March 10, 2016, p. 88, 94-96) Additionally, Defendant testified that, at the time of his pleas, he believed that he had only been charged with a single offense of Homicide by Vehicle While Driving Under the Influence and that he was unaware of all other offenses charged until such time as sentence had already been imposed. (N.T., Evidentiary Hearing, March 10, 2016, p. 103) Said claims are clearly refuted by not only the written guilty plea colloquy presented to the trial court; but, also by the written plea documentation submitted to the trial court at the time of the entry of Defendant's guilty

8

pleas, the on the record colloquy conducted at the time of the guilty pleas, and by the testimony of Defendant's trial counsel. As such, the court finds the testimony presented by Defendant at the March 10, 2016 evidentiary hearing relative to the instant claims to be wholly lacking in credibility. In the opinion of this court, Defendant's claims in this regard that an experienced criminal defense attorney would make so many glaring material omissions in a matter of this gravity simply would escape all bounds of logic.

At the time of entry of Defendant's guilty pleas, the trial court advised the defendant of his rights to either a trial by jury or trial without a jury; the fact that Defendant was presumed to be innocent; and, the elements for each charged offense. (N.T., Guilty Plea Hearing, July 15, 2014, p 11, 26) Additionally, the attorney for the Commonwealth clearly articulated all offenses to which Defendant was entering a plea of guilt, as well as, the factual basis for each charged offense. (N.T., Guilty Plea Hearing, July 15, 2014, pp. 6-12) Subsequently, the trial court inquired of Defendant whether said facts were correct and if Defendant was entering a plea to such offenses. (N.T, Guilty Plea Hearing, July 15, 2014, p. 5) Defendant responded in the affirmative, on the record, to both such inquiries. (N.T., Guilty Plea Hearing, July 15, 2014, pp. 5-6) Although the trial court did not specifically advise the defendant orally that the sentences could be imposed in a consecutive fashion or as to the maximum possible penalty, the trial court expressly advised Defendant as to the maximum possible penalty for each charged offense, doing so in a deliberate fashion – offense by offense. (N.T., Guilty Plea Hearing, July 15, 2014, pp. 6-11) The trial court further reviewed the sentencing guideline worksheet and applicable guidelines for each offense with the defendant. (N.T., Guilty Plea Hearing, July 15, 2014, pp. 13-14) Finally, the trial court specifically and explicitly confirmed with Defendant that he had thoroughly reviewed the written guilty plea colloquy, and all contents thereof, with his counsel.

9

(N.T., Guilty Plea Hearing, July 15, 2014, p. 12) Defendant subsequently indicated on the record to the trial court that he understood all such information and had no questions about such. (N.T., Guilty Plea Hearing, July 15, 2014, p. 11) It should be noted that at no time during the guilty plea hearing did Defendant ever assert any purported lack of understanding as to the nature or possible penalties for the offenses to which he was entering a plea of guilt.

Defendant's claims in this regard are further refuted by the testimony of Defendant's trial counsel presented at the evidentiary hearing held on March 10, 2016, which the Court finds as being credible. Trial Counsel testified that he specifically discussed the possibility of consecutive sentences and the maximum possible penalties for all charged offenses with Defendant. (N.T., Evidentiary Hearing, March 10, 2016, p. 9, 45) Counsel further testified that he extensively reviewed not only the maximum possible penalties, but also reviewed the applicable sentencing guidelines to the defendant in a rather meticulous manner. (N.T., Evidentiary Hearing, March 10, 2016, p. 18, 24) Counsel definitively recalled that he, at no time, made any assurances to Defendant that any sentences would be imposed by the trial court in a concurrent manner. (N.T., Evidentiary Hearing, March 10, 2016, p. 46)

In light of the foregoing, trial counsel was not ineffective in failing to object to the trial court's failure to orally advise Defendant that the sentences could be imposed in a consecutive fashion or as to the maximum possible sentence, inasmuch as: said issues had been fully discussed by trial counsel with Defendant; said issues had been explicitly addressed in the written guilty plea colloquy; and, in that counsel had no doubt that Defendant had been fully advised as to the nature of all charged offenses, the possible penalties for each offense, and the possible maximum possible penalties for all offenses. Additionally, in light of the foregoing, Defendant's current claims lack any factual support and any arguable merit. As such, trial

10

counsel cannot be faulted for failing to challenge the validity of Defendant's guilty pleas or for not seeking to withdraw such pleas.

In light of the totality of the attendant circumstances, Defendant has failed to demonstrate: that the underlying claims are of arguable merit; that counsel had no reasonable strategic basis for his purported inactions; that, but for the purported omissions of counsel, there was a reasonable probability that the outcome of the proceeding would have been different; that, as a result of ineffective assistance of counsel, Defendant's guilty pleas were involuntarily or unknowingly entered; or, that any manifest injustice resulted. As such, Defendant's claims in this regard must fail.

Defendant's second prayer for relief pertains to a claim that his pleas were involuntarily tendered inasmuch as it was purportedly unlawfully induced by a an overt misrepresentation of trial counsel as to the range of length of possible sentence and that such misrepresentation amounted to the ineffective assistance of counsel.

In essence, Defendant argues the discretionary aspect of his sentence was far in excess of that which he claims to have been promised. Accordingly, Defendant's prayer for relief is couched in an argument that his decision to plead could not be knowing, voluntary, and intelligent in nature where it was premised on false assertions made by trial counsel. Such a claim requires that the defendant satisfy two legal standards. First, Defendant must demonstrate that his plea was not intelligently or voluntarily made. Second, he must demonstrate a nexus between counsel's ineffectiveness and his decision to enter into the plea. Commonwealth v. Allen, 732 A.2d 582 (Pa. 1999).

Where a plea was induced, if not by a promise, but at least a string indication of leniency, a plea is not voluntary if the defendant is found to have relied upon it. Commonwealth v.

11

Finney, 249 A.2d 286 (Pa. 1969); Commonwealth v. Carey, 340 A.2d 509 (Pa. Super. 1975). The voluntariness of a waiver may be vitiated by a misrepresentation as to sentencing if the defendant is shown to have relied upon the misrepresentation of counsel when making the decision to plead guilty. Commonwealth v. Byng, 528 A.2d 983, 985 (Pa. Super. 1987).

As noted above, after a sentence has been entered, a guilty plea may be withdrawn only if there is manifest injustice requiring its withdrawal. Manifest injustice is established if the plea was not knowingly or voluntarily entered. Commonwealth v. Lenhoff, 796 A.2d 338, 341 (Pa. Super. 2002); Commonwealth v. Hodges, 789 A.2d 764, 765 (Pa. Super. 2002); Commonwealth v. Stork, 737 A.2d 789 (Pa. Super. 1999).

In advancing his claim in this regard, Defendant invites the court to place reliance on his testimony, as well as on the testimony presented by Defendant's girlfriend and his mother at the evidentiary hearing on March 10, 2016. At such hearing, Defendant testified that trial counsel told him that he was facing a mandatory minimum sentence of at least five to ten years incarceration. (N.T., Evidentiary Hearing, March 10, 2016, pp. 80-81) Defendant further claimed that trial counsel had advised him that, as a worst case scenario, he was facing a ten to twenty year period of incarceration. (N.T., Evidentiary Hearing, March 10, 2016, p. 81) Defendant also testified that he was advised by trial counsel that he would not succeed at trial, that the Commonwealth was not making any plea offers, and that his only choice was to enter an open plea and to show remorse. (N.T., Evidentiary Hearing, March 10, 2016, pp. 84-85) Similarly, Defendant's girlfriend and mother testified that trial counsel informed them that Defendant faced a sentence of not less than five to ten years, but not more than ten to twenty years. (N.T., Evidentiary Hearing, March 10, 2016, pp. 58-59, 67) In considering this testimony in light of the testimony offered by trial counsel, as well as the entirety of the record before the

12

Court, the Court finds such testimony as lacking credibility and finds such testimony to ultimately reflect what may have been to hopes of Defendant and his family as to the outcome of this matter, rather than evidence as to any purported misrepresentations on the part of trial counsel.

At the evidentiary hearing held on March 10, 2016, trial counsel definitively refuted such claims. Trial counsel testified that, in light of the multitude of evidence possessed by the Commonwealth – including a videotape of the entire criminal incident, trial would have been difficult in this matter. (N.T., Evidentiary Hearing, March 10, 2016, pp. 15-16, 40) Counsel further testified that Defendant never desired to proceed to trial in this matter and firmly and consistently expressed a desire to enter a guilty plea in this matter. (N.T., Evidentiary Hearing, March 10, 2016, p. 9, 15-16, 39, 65, 70, 76) Trial counsel further testified that while he had discussed with Defendant the applicability of the mandatory minimum five years sentence, he never suggested that Defendant would receive a sentence limited to such mandatory minimum. (N.T., Evidentiary Hearing, March 10, 2016, p. 10) Trial counsel indicated that he repeatedly informed Defendant that the sentence was a determination to be made solely by the judge. (N.T., Evidentiary Hearing, March 10, 2016, pp. 15-17) Trial counsel specifically denied making any promises to Defendant, or any members of his family, as to the sentence that would be given. (N.T., Evidentiary Hearing, March 10, 2016, pp. 47-48) Further, counsel repeatedly testified that he advised the defendant as to the applicable sentencing guidelines and as to the maximum possible penalties as to which the defendant was exposed. (N.T., Evidentiary Hearing, March 10, 2016, p. That being said, defense counsel did acknowledge that he had indicated to Defendant his hope that the trial judge would show some leniency based upon as his prior experience with the sentencing judge, as well as, based upon certain comments made by the

13

sentencing judge regarding the entry of a plea and demonstration of remorse by the defendant. (N.T., Evidentiary Hearing, March 10, 2016, p. 19) Additionally, trial counsel, candidly and genuinely, acknowledged his disappointment with the length of the aggregate sentence of incarceration imposed in this matter. (N.T., Evidentiary Hearing, March 10, 2016, p. 32) It is quite apparent to the court that any comments offered by trial counsel to Defendant or any of his family members following sentencing in this matter were simply the product of his disappointment in the sentence imposed, rather than any evidence suggesting that he had made any misrepresentations as to any possible sentence.

The Pennsylvania appellate courts have held that the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. All that is required is that the defendant's decision to plead guilty be knowingly, voluntarily, and intelligently made. Commonwealth v. Myers, 642 A.2d 1103, 1105 (Pa. Super. 1994).

In light of the totality of the evidence presented and record before this court, it is quite clear that Defendant was fully advised as to the potential ramifications of his guilty pleas and that such pleas were knowingly, voluntarily, and intelligently tendered. While it is understandable that Defendant may be disappointed with the sentence imposed, such disappointment, in no way, serves to now vitiate the inherent nature of his pleas. As such, Defendant's claims in this regard also lack merit. Accordingly, the court enters the following:

14

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
:
vs. : No. CP-36-CR-0001382-2014
:
:
CARLOS R. GARCIA :

## **ORDER**

AND NOW, this 23rd day of August, 2016, the amended petition for post conviction

relief filed by Defendant, Carlos R. Garcia, is hereby DENIED.

Defendant is herein advised that he has a right to appeal to the Pennsylvania Superior

Court from this final order disposing of the amended petition for post conviction relief within

thirty (30) days.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

BY THE COURT:

_____
MERRILL M. SPAHN, JR., JUDGE

Jacquelyn E. Pfursich
Clerk of Courts

ATTEST:

Copies to:    Trista M. Boyd, Esquire, Assistant District Attorney
              Randall L. Miller, Esquire, Attorney for Defendant
              Carlos R. Garcia, Defendant, SCI-Somerset, 1600 Walters Mill Rd.,
              Somerset, PA 15510, via certified mail/return receipt requested

15